WIDMAN *v.* FRANKLIN.

1. WILLS—CONSTRUCTION OF BEQUEST.
    Bequests of north half of remainder of "farm consisting of approximately 99 acres not heretofore subdivided" to one daughter of testatrix and of south half to other daughter did not support claimed inference that testatrix intended so to divide her farm that devisee of south half would have an entrance to public highway.

2. SAME—BEQUEST OF PORTIONS OF UNPLATTED LAND.
    Bequest of north half of remainder of "farm consisting of approximately 99 acres not heretofore subdivided" to defendant daughter of testatrix and south half to plaintiff daughter *held,* not ambiguous and to give defendant the north half of what remains of the unplatted portion and plaintiff the south half of the unplatted portion only.

3. SAME—SPECIFIC BEQUEST—RESIDUARY BEQUEST.
    Where part of 120-acre farm of testatrix had been platted and sold with reference to an unrecorded plat and a portion of the platted part remained unsold, the unplatted part passed to the two daughters of testatrix pursuant to specific bequests thereof and the unsold remainder of the platted portion passed under the residuary clause of the will.

Appeal from Ingham; Eger (Paul G.), J. Submitted April 8, 1949. (Docket No. 46, Calendar No. 43,816.) Decided June 6, 1949.

Bill by Pearle Widman against Charlotte Franklin to construe a will. Decree for defendant. Plaintiff appeals. Affirmed.

*John Wendell Bird,* for plaintiff.

*Charles P. Van Note* (*Raymond H. Rapaport,* of counsel), for defendant.

Reid, J. Plaintiff filed her bill of complaint for the construction of a will and the determination of the interests of parties in real estate devised by the will. Testimony was taken on the hearing. From a decree dismissing the bill, plaintiff appeals.

The parties to this case are daughters of Rose Evers Bates, who died October 2, 1943. At the time of her death, she was living on a farm in Lansing township, Ingham county, which had been purchased by her and her husband Norris Evers about 30 years before she died. The farm originally consisted of 120 acres, the southwest corner of the farm being located at the intersection of Aurelius road and Cavanaugh road. Plaintiff Pearle Widman and her husband Harry Widman purchased a part of the 120 acres in 1925. About that same time, plaintiff's husband drew up a tentative plat of a portion of the farm, approximately 20 acres in extent, and several blueprint copies of the plat were made but the plat was never recorded. Although there were subsequent conveyances of portions of the original 120 acres, apparently none of those conveyances in their descriptions contained any reference to the unrecorded plat. Also, a strip of land 12 rods wide from the center of the road upon the Cavanaugh road, extending from the eastern boundary of the

property that Widmans had bought to the extreme eastern boundary of the farm, was sold to the Consumers Power Company. This strip was about 13 acres in extent.

Mr. Evers died in 1934 and several years afterward his widow Rose Evers married Wirth Bates. On January 28, 1942, Rose Evers Bates made her will. After taking into consideration· deeds made of portions of the 120 acres and the devises made in the will preceding the devises hereinafter recited, there appear to have been left about 87 acres of the unplatted portion of the original farm. The portions of the will in dispute in this case appear in the following form:

"Also to my daughter Charlotte Franklin, I give, devise and bequeath the north ½ of the remainder of my farm consisting of approximately 99 acres, not heretofore subdivided, and which is located in the township of Lansing, county of Ingham, State of Michigan, and which is described as:

"The south ½ of the northwest ¼, and the southwest ¼ of the northeast ¼ of section 35, town four (4) north, range two (2) west.

"Third: . To my daughter, Pearl Widman of the city of Lansing, Michigan, I will, devise and bequeath, the south ½ of the remaining and unplatted portion of my farm consisting of approximately 99 acres as described in the above paragraph."

There is nothing in the rest of the will as to the number of acres in any plat nor as to the number of acres that testatrix still had title to that had been unsold. One query in the part of plaintiff is,

"Does the testatrix mean that the north ½ of the rest of her farm is 99 acres in extent, and that she is giving all of 99 acres to her daughter, Charlotte Franklin, or does she imply by the wording that she is giving Charlotte Franklin the north ½ of the remainder of her farm, which entire remainder con-

sists of 99 acres, and therefore, that she is devising to this daughter approximately 49½ acres?"

Plaintiff claims that the testatrix had evidently entirely forgotten the conveyance to Consumers Power Company of a strip of land because the will refers to 99 acres as the unplatted remainder of her farm, whereas a surveyor, Mr. Hendryx, employed by the defendant, testified that the only way in which testatrix' remaining unplatted acreage could approximate 99 acres would be to include the lands conveyed to the Consumers Power Company.

Plaintiff further infers an intent on the part of the testatrix so to divide the remainder of the farm between the two daughters that plaintiff Widman would be afforded an entrance from her half to the public highway. There is no direct proof of any such intent; neither can it be inferred from the will.

Plaintiff further indicates by her argument that if all of the farm of testatrix remaining unsold or undisposed of by devises in the will preceding the ones in dispute should be added together and equally divided between the two daughters, then in that case plaintiff would have access to the road.

We infer from the statements of the parties that there is a portion of the farm somewhat irregular in outline and about 3½ acres in extent remaining in the original proposed plat and not devised by specific description in the will, which 3½ acres would go under the residuary clause to defendant Charlotte Franklin. Plaintiff desires to have the will so construed that the 3½ acres shall be included with the unplatted portion of the farm and the north half and south half divisions to the parties respectively made accordingly. Plaintiff further propounds the following query in her brief:

"Does Mrs. Bates mean the south ½ of all the remaining, as well as of the unplatted portion, of the

farm, or does she mean '½ of the unplatted portion which remains'? If the former meaning is what she had in mind, then this devise on the face of it is according to the contention of plaintiff, since the testatrix means to give Pearle Widman one-half of the remainder of her farm, including one-half of the unplatted portion."

We are not in accord with plaintiff's construction of the will. The will plainly gives defendant Charlotte Franklin the north half of what remains of the unplatted portion of the farm and gives to the plaintiff the south half of what remains of the unplatted portion of the farm.

Moreover, such meaning is plain. The will is not ambiguous in the respect claimed by plaintiff. It is clear that plaintiff's half as set forth in the will has nothing to do with the platted portion of the farm.

The decree dismissing the bill is affirmed. Costs to defendant.

SHARPE, C. J., and BUSHNELL, BOYLES, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.